SCOTT KEITH WILSON, Federal Public Defender (#7347)
WOJCIECH NITECKI, Assistant Federal Public Defender (#12187)
KRISTEN R. ANGELOS, Assistant Federal Public Defender (#8314)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JACKSON STUART TAMOWSKI PATTON,<br><br>  Defendant. | **DEFENDANT'S RESPONSE TO UNITED STATES' MOTION SEEKING DETENTION**<br><br>Case No. 2:20-mj-416-DBP |

Jackson Patton, pursuant to 18 U.S.C. § 3142, hereby moves this Court to release him with conditions pending trial in the above matter. The Bail Reform Act "mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.'" United States v. Hir, 517 F.3d 1081, 1085-86 (9th Cir. 2008) (citing 18 U.S.C. § 3142(e)); 18 U.S.C. § 3142(a).

**I.      18 U.S.C. § 844(i) is not a crime of violence under the elements and residual clauses of 18 U.S.C. § 3156.**

The government is not entitled to a detention hearing because Arson under 18 U.S.C. § 844(i) is not a crime of violence.  "Section 3142(f)(1)(A) of the Bail Reform Act provides that a detention hearing shall be held 'upon motion of the attorney for the Government' in a case that involves a 'crime of violence.'"  United States v. Rogers, 371 F.3d 1225, 1227 (10th Cir. 2004) (citing 18 U.S.C. § 3142(f)(1)(A)).  The Bail Reform Act, in turn, defines the term "crime of violence" as "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against a person or property of another[,]" (the "elements clause"), or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (. . .) (the "residual clause"). 18 U.S.C. § 3156(4)(A) & (B).

In United States v. Salas, 889 F.3d 681 (10th Cir. 2018), the court found that a violation of 18 U.S.C. § 844(i), did not fit the identical definition of "crime of violence" contained in 18 U.S.C. § 924(c)(3).  Salas, 889 F.3d at 684-85.  To this end, the Salas court recognized that "the first definition, known as the 'elements clause,' [did] not apply . . . because § 844(i) arson does not require, as an element, the use of force against the property 'of another'; for example, § 844(i) may apply to a person who destroys his or her own property."  Salas, 889 F.3d at 684 (quoting 18 U.S.C. § 844(i)).

The second, residual clause, of the definition was found unconstitutionally vague by the United States Supreme Court.  See Salas, 889 F.3d at 684 (citing Sessions v. Dimaya, 138 S.Ct. 1204 (2018); Johnson v. United States, 135 S.Ct. 2551 (2015)) (further citation omitted). Following the Supreme Court precedent, the Salas court "employ[ed] the categorical approach to [18 U.S.C] § 924(c)(3)(B), meaning [it] determine[d] whether an offense is a crime of violence

2

without inquiring into the specific conduct of [a] particular offender[.]" Salas, 889 F.3d at 686 (citations and quotations omitted). In the end, it agreed that the residual clause of 18 U.S.C § 924(c)(3)(B), which is identical to the residual clause in 18 U.S.C. § 3156(4)(B), was unconstitutionally vague and could not be used to define arson as a crime of violence for the purposes of 18 U.S.C § 924(c)(3)(B). Salas, 889 F.3d at 686

Because the 10th Circuit found in another context that the language contained in 18 U.S.C. § 3156(4)(B) is unconstitutional, the government should not be allowed to rely on the residual clause of Section 3156 to obtain a detention hearing in this matter.[1]

## II. 18 U.S.C. § 3142(e)(3)(C) rebuttable presumption does not apply.

If this Court grants the government a detention hearing, it should find that the 18 U.S.C. § 3142(e)(3)(C) rebuttable presumption does not apply here because Mr. Patton is not charged with a "[f]ederal crime of terrorism," as defined in 26 U.S.C. § 2332b(g)(5). The government notified counsel that it will argue, contrary to its initial motion, that the rebuttable presumption of detention applies in this case because there is probable cause that Mr. Patton violated 18 U.S.C. § 844(i). To this end, § 3142 provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed.

18 U.S.C. § 3142(e)(3)(C).

---

[1] Notably, the Second Circuit found that the same void-for-vagueness challenge does not apply to the Bail Reform Act because the Bail Reform Act does not implicate the Fifth Amendment Due Process Clause. See United States v. Watkins, 940 F.3d 152, 159-61 (2d Cir. 2019).

In order for this section to apply to Mr. Patton, this Court would have to read sections 2332b(g)(5)(B) and 2332b(g)(5)(A) in the disjunctive.  Such reading is not supported by the plain language of 18 U.S.C. § 2332b(g)(5), or case law.  First, subsections (A) and (B) of section 2332b(g)(5) are written in the conjunctive:

> (5) the term "Federal crime of terrorism" means an offense that-
>     (A) is calculated to influence of affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and
>     (B) is a violation of [among others] 844(i) (relating to arson and bombing of property used in interstate commerce)[.]

18 U.S.C. §§ 2332b(g)(5)(A) & (B) (emphasis added).  Since subsections (A) and (B) are connected by the conjunctive adverb "and," (B) is necessarily modified by (A) which precedes it.  The Ninth Circuit Court recognized this in the Hir case, for instance, when it noted that if "there is probable cause to believe that the defendant has committed an offense identified as a '[f]ederal crime of terrorism" under 18 U.S.C. § 2332b(g)(5)(B) for which the maximum term of imprisonment of ten years or more is prescribed, there is a rebuttable presumption that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.'"  Hir, 517 F.3d at 1085-86 (citing 18 U.S.C. § 3142(e)).  Notably, the Hir court referred to section § 2332b(g)(5)(B) as the section defining a "[f]ederal crime of terrorism" without referring to the conjoined section 2332b(g)(5)(A), as such reference would be superfluous.  See also United States v. Ferdaus, 2011 WL 5909547, at *7 (D. Mass. 2011) (finding that the section 3142(e)(3)(C) rebuttable presumption applied "because [the defendant] [was] charged with a federal act of terrorism as defined in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum penalty of ten years or more is prescribed.") (emphasis added).

Because these courts, consistent with the plain language of 18 U.S.C. § 2332b(g)(5), refer to 18 U.S.C. § 2332b(g)(5)(B) as the section defining a federal act of terrorism without referring to § 2332b(g)(5)(A), this Court too should find that the presumption does not apply in arson cases which are not cases involving federal acts of terrorism.

**III.    18 U.S.C. § 3142(g) factors mitigate in favor of release.**

Presumably, the government will introduce or proffer evidence at tomorrow's hearing supporting probable cause that Mr. Patton violated 18 U.S.C. § 844(i) as alleged in the Complaint. As to the nature and circumstances surrounding this offense, see 18 U.S.C. 3142(g)(1), it is abundantly clear from the publicly available footage of the incident that the destruction of the abandoned patrol car was a collective effort.[2] The individual the prosecutors believe to be Mr. Patton did not participate in standing the car on its side. He does not appear to be one of the people who later flipped the car on its roof. The patrol car began burning shortly after the crowd pushed it on its roof, and a number of individuals threw items at and into the burning car, before it became completely engulfed in flames. This was not an action of one man.

This Court must also consider Mr. Patton's character, family ties and his ties to this community. See 18 U.S.C. 3142(g)(1). It is evident from the letters written by friends, family and acquaintances that Mr. Patton has a lot support and that he enjoys a reputation for being kind and honorable. He has a stable and safe place to live and has had no history of violent behavior. Because of his character and because he is not solely responsible for what occurred on May 30, 2020, this Court should release Mr. Patton with conditions while this matter is pending.

---

[2] https://ksltv.com/438738/burning-slc-police-car-arrests/.  Video titled "Protesters Destroy SLC PD Vehicle."

DATED this 10th day of June, 2020.

*/s/ Wojciech Nitecki*
WOJCIECH NITECKI
Assistant Federal Public Defender

*/s/ Kristen R. Angelos*
KRISTEN R. ANGELOS
Assistant Federal Public Defender