SCOTT KEITH WILSON, Federal Public Defender (#7347)
WOJCIECH NITECKI, Assistant Federal Public Defender (#12187)
KRISTEN R. ANGELOS, Assistant Federal Public Defender (#8314)
BENJAMIN C. MCMURRAY, Assistant Federal Defender (#9926)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br> Plaintiff,<br><br>v.<br><br>JACKSON STUART TAMOWSKI PATTON,<br><br> Defendant. | **DEFENDANT'S MOTION FOR REVIEW OF CONDITIONS OF RELEASE PURSUANT TO 18 U.S.C. § 3164**<br><br><br>Case No. 2:20-cr-00182-DBB |

Jackson Patton ("Patton"), through counsel of record, hereby moves this Court to review the conditions of his release and order his release on or before September 2, 2020, pursuant to 18 U.S.C. § 3164(b).  Patton has been held awaiting trial since June 2, 2020.

### *Procedural History.*

Patton has been detained solely awaiting trial on these charges since June 2, 2020.  He was initially held on criminal complaint and the government did not indict him until July 23, 2020.  On July 14, 2020, Patton filed a motion demanding a speedy trial.  The government continued to object to the scheduling of the trial, and on July 10, 2020, moved to exclude time

pursuant to 18 U.S.C. § 3161(h), alleging that the case was unusually complex.  On July 27, Magistrate Judge declined to address the government's motion and set the trial for October 2, 2020, over the government's objection.

### *Application of 18 U.S.C. § 3164.*

This Court must release Patton on or prior to September 2, 2020, because by that time he will have been detained on this case for over ninety days. Under section 3164 of the Speedy Trial Act, "a detained person who is being held solely because he is awaiting trial" must "be accorded priority." 18 U.S.C. § 3164(a)(1).  Consequently, "[t]he trial of any [such] person (. . .) shall commence not later than ninety days following the beginning of such continuous detention[,]" unless any time is excluded under 18 U.S.C. § 3161(h).   See 18 U.S.C. § 3164(b).

Section 3164 does not require for Mr. Patton to be indicted or charged with felony information; rather he must only be arrested on the charges alleged in the complaint.  To this end, "a person is 'arrested in connection with' a charge, within the meaning of section 3161(b) of the Speedy Trial Act" when "there is some coincidence of (1) a pending federal complaint and (2) federal custody based on that complaint."  United States v. Bagster, 915 F.2d 607, 611 (10th Cir. 1990).  When "a complaint is filed before federal arrest pursuant to that complaint, the Speedy Trial Act is triggered at the moment of arrest."  Id.

"Failure to commence a trial" within the ninety days required by section 3164, must "result in the automatic review by the court of the conditions of release."  18 U.S.C. § 3164(c). And, "[n]o detainee . . . shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of the trial."  Id.

Notably, the General Orders did not exclude any time from the ninety-day computation for the purposes of section 3164. To this end, the 10th Circuit held that "the 'reasonable delay' exclusion of § 3161(h)(7) has a different meaning and application under § 3164 than under § 3161, because of the different context in which it arises." United States v. Theron, 782 F.2d 1510, 1516 (10th Cir. 1986). To this end, the Theron court surmised that:

> What might be a reasonable delay to accommodate conservation of public resources by trying codefendants together as an exception to the Speedy Trial Act's seventy-day limit might become unreasonable when a client is incarcerated for more than ninety days without a chance to make bail. Thus, it is possible [in case where § 3164 is invoked] that subsection (h)(7) will not require dismissal of the indictment [pursuant to § 3161(2)] but will require that the defendant be tried or released.

Id. (emphasis added). All General Orders, starting with 20-009, continued jury trials and excluded time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Specifically, the Presiding Judge continued all jury trials and excluded the time "after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B)." General Order 20-012 at 4. The exclusion, the Court found, was "necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public." Id. The Presiding Judge further expressed trepidation about the courts' ability to safely conduct trials under the pandemic reality, and in the space available. However, none of the General Orders dealing with the effect of COVID-19 on court operations mention 18 U.S.C. § 3164, or account for different contexts in which delays arise under sections 3161 and 3164.

The General Orders do not specifically reference section 3164. In addition, the Presiding Judge made the "ends of justice" findings based on the safety risks to the juries and court personnel, as well as its inability to conduct jury trials, the concerns not contemplated under section 3164. Because of that, the General Orders are insufficient for this Court to now find that the time from Patton's arrest until now has been excluded from the ninety day computation.

Accordingly, this Court should promptly conduct the review of the conditions of release and order Patton's release pending the trial scheduled to commence of October 2, 2020.

DATED this 28th day of August, 2020.

*/s/ Wojciech Nitecki*
WOJCIECH NITECKI
Assistant Federal Public Defender


*/s/ Kristen R. Angelos*
KRISTEN R. ANGELOS
Assistant Federal Public Defender


*/s/ Benjamin C. McMurray*
BENJAMIN C. McMURRAY
Assistant Federal Public Defender