IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>JACKSON STUART TAMOWSKI PATTON,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [122] MOTION FOR REVIEW OF CONDITIONS OF RELEASE PURSUANT TO 18 U.S.C. § 3164**<br><br>Case No. 2:20-cr-00182-DBB<br><br>District Judge David Barlow |

Defendant Jackson Stuart Tamowski Patton filed the Motion for Review of Conditions of Release Pursuant to 18 U.S.C. § 3164 (the Motion).[1] Specifically, Mr. Patton argues that because the ninety-day period to commence his trial has expired, the court must conduct a review of conditions of Mr. Patton's release and that Mr. Patton must be released from his pretrial detention pursuant to 18 U.S.C. § 3164(c).[2] However, because § 3164 specifically incorporates the statutorily recognized periods of delay and exclusion referenced in the various General Orders that the court has entered due to the COVID-19 pandemic, the time to commence trial has been continued and the ninety-day period has not lapsed. There is no basis to either conduct a review of release conditions or to release Mr. Patton from his ordered detention under 18 U.S.C. § 3164(c). The Motion is denied.

## BACKGROUND

Mr. Patton has been detained awaiting trial on a charge of Arson in Interstate Commerce since his arrest in early June 2020. He was initially detained based on the charge contained in the

---

[1] Motion for Review of Conditions of Release Pursuant to 18 U.S.C. § 3164, ECF No. 122, filed August 28, 2020.
[2] *Id.* at 2.

criminal complaint filed against him[3] which was later superseded with an indictment on July 23, 2020.[4]

Mr. Patton argues in the Motion that the applicable ninety-day period to commence his trial began to run from his arrest.[5] That ninety days, according to Mr. Patton, has now lapsed, triggering the review and release provisions of § 3164(c).[6] Mr. Patton discounts the continuances and exclusions included in the court's various COVID-19-related General Orders because these orders "do not specifically reference section 3164."[7] According to Mr. Patton, the court:

> [M]ade the "ends of justice" findings based on the safety risks to the juries and court personnel, as well as its inability to conduct jury trials . . . concerns not contemplated under section 3164. Because of that, the General Orders are insufficient for this Court to now find that the time from Patton's arrest until now has been excluded from the ninety day computation.[8]

## DISCUSSION

Mr. Patton is correct that the General Orders included specific findings as to the safety risks to juries and court personnel, but those orders consider numerous other factors and were far broader:

- "The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to *protect public health*."[9]

- "Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary—even during the COVID-19 outbreak—the

---

[3] Complaint, ECF No. 1, filed June 3, 2020.

[4] Superseding Indictment, ECF No. 52, filed July 23, 2020.

[5] Motion at 2.

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.*

[9] General Order 20-026 at 4.

need to protect the public health in the midst of the ongoing deadly COVID-19 outbreak outweighs the *important rights of individual defendants* and the public to speedy trials at this time."[10]

- "[T]he exclusion of time through October 1, 2020 from the respective speedy trial periods, is necessary to protect the health and safety of jurors, prospective jurors, court staff and employees, *criminal defendants*, counsel, law enforcement personnel, and the public."[11]

- "[T]he current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials."[12]

- "Empaneling a jury, conducting a trial, and facilitating juror deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court."[13]

Based on these findings, the court determined that a continuance of all criminal trials until October 1, 2020 and the exclusion of time under Speedy Trial Act was appropriate under 18 U.S.C. § 3161(h)(7)(A).[14] Despite that, Mr. Patton argues that this sort of exclusion does not apply because the contexts for which delays arise under sections 3161 are different from those related to 3164.[15]

A close reading of the relevant statutory provisions demonstrates that this argument is incorrect. Section 3164(b) provides that the trial for individuals described in subsection (a)(1)

---

[10] *Id.* (emphasis added).

[11] *Id.* (emphasis added).

[12] *Id.* at 4-5.

[13] *Id* at 5.

[14] *Id.* at 4.]

[15] Motion at 3.

"shall commence not later than ninety days following the beginning of such continuous detention."[16] As Mr. Patton correctly notes, § 3164(c) specifies that "No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial."[17] However, § 3164(b) specifies that those "periods of delay enumerated in section 3161(h)" are excluded from the computation of this time limitation.[18] This means that § 3164(b) incorporates those periods of exclusion set forth under § 3161(h)(7), which is what the General Orders specifically referenced as a basis for the continuances and exclusions.

Mr. Patton cites the Tenth Circuit decision *United States v. Theron*[19] for the proposition that "the 'reasonable delay' exclusion of § 3161(h)(7) has a different meaning and application under § 3164 than under § 3161, because of the different context in which it arises."[20] But the Tenth Circuit decided *Theron* in 1986 and § 3161 has since been amended. What was section 3161(h)(7) in 1987 is consistent with the language of what is now § 3161(h)(6)—a provision concerning codefendants.[21] Mr. Patton does not show how the current § 3161(h)(7) should be treated differently under § 3164 than under § 3161.

Because § 3161(h) periods of delay—as properly excluded under the court's pandemic-related General Orders—are referenced in § 3164(b), there has been no failure to commence Mr.

---

[16] 18 U.S.C. § 3164(b).

[17] 18 U.S.C. § 3164(c).

[18] 18 U.S.C. § 3164(b).

[19] 782 F.2d 1510 (10th Cir. 1986).

[20] Motion at 2 (quoting *Theron*, 782 F.2d at 1516).

[21] *Compare Theron*, 782 F.2d at 1514 (citing to 18 U.S.C. § 3161(h)(7) for the following quote: "The following periods of delay shall be excluded in computing the time within which . . . the trial of any such offense must commence: . . . (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.") *with* 18.U.S.C. § 3161(h)(7) (providing guidance on the "ends of justice" analysis).

Patton's trial as specified in § 3164(b). Therefore, § 3164(c) does not apply to his circumstances. There is no basis to conduct a review of release conditions or consider releasing Mr. Patton under 18 U.S.C. § 3164(c). The Motion is denied.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion for Review of Conditions of Release Pursuant to 18 U.S.C. §3164[22] is DENIED.

Signed September 9, 2020.

BY THE COURT

David Barlow
United States District Judge

---

[22] Motion for Review of Conditions of Release Pursuant to 18 U.S.C. § 3164, ECF No. 122, filed August 28, 2020.