THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JACKSON STUART TAMOWSKI PATTON,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER AND DISMISSING [198] MOTION FOR REVIEW OF MAGISTRATE'S ORDER OF DETENTION**<br><br>Case No. 2:20-cr-00182-DBB-DBP<br><br>District Judge David Barlow |

Pursuant to 18 U.S.C. § 3145(b), Defendant Jackson Stuart Tamowski Patton ("Mr. Patton") appeals[1] the February 17, 2021 order issued by Chief Magistrate Judge Dustin Pead that denied Mr. Patton's Motion to Reopen Detention Hearing ("the Motion").[2] When a defendant appeals the pretrial detention ordered by a magistrate judge, the district judge presiding over the criminal case is to perform a de novo review of the detention.[3] Mr. Patton has requested a hearing on his appeal.[4] However, having reviewed the pertinent material from the docket, the court has determined that a hearing is not necessary.

## BACKGROUND

The United States has charged Mr. Patton with Interstate Arson, a crime punishable by imprisonment for 10 years or more.[5] On June 11, 2020, Magistrate Judge Dustin Pead held a

---

[1] Motion for Review of Magistrate's Order of Detention ("Motion"), ECF No. 198, filed February 18, 2021.

[2] *See* Order Denying Motion for Review of Detention, ECF No. 197, filed February 17, 2020.

[3] *United States v. Kelsey*, 82 Fed. Appx. 652, 653 (10th Cir. 2003).

[4] Motion at 2.

[5] Second Superseding Indictment, ECF No. 144, filed January 8, 2020.

detention hearing pursuant to 18 U.S.C. § 3142 (the "Bail Reform Act"), resulting in its decision to detain Mr. Patton.[6] The decision to detain Mr. Patton was based on the court finding that the alleged offense was a "crime of violence," and that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.[7] Mr. Patton later filed an appeal to the order of detention, which was denied by Chief Judge Robert J. Shelby, who found that Mr. Patton posed an unmanageable risk to the community and of nonappearance.[8]

On July 6, 2020, Mr. Patton filed a motion for the court to release him due to COVID-19 concerns, pursuant to 18 U.S.C. 3142(i), which the court denied.[9] On August 14, 2020, Mr. Patton sought release to an inpatient facility, arguing that this would sufficiently mitigate the risk of danger.[10] Magistrate Judge Pead denied the motion.[11] Among other things, Judge Pead noted the new proffer of evidence submitted by the government that defendant intended to attend the protest in Salt Lake City to "turn[] it into a riot" and with the "intention of breaking things."[12] Judge Pead ruled that these facts were "inconsistent with the claim that this defendant was reacting to dangerous circumstances of the moment and increases the court's concerns regarding dangerousness."[13] Mr. Patton's appeal of this order was denied by the court.[14] This appeal also

---

[6] *See* Minute Entry for proceedings held before Magistrate Judge Dustin B. Pead, ECF. No. 15, filed June 11, 2020.

[7] *See id.*; *see also* Order of Detention Pending Trial, ECF No. 17, filed June 15, 2020.

[8] Minute Entry for proceedings held before Judge Robert J. Shelby, ECF No. 34, filed June 26, 2020.

[9] Minute Entry for proceedings held before Magistrate Judge Dustin B. Pead, ECF No. 42, filed July 10, 2020.

[10] *See* Motion for Review of Detention at 2, ECF No. 105, filed August 14, 2020.

[11] Order Denying Motion for Review of Detention, ECF No. 119, filed August 20, 2020.

[12] *Id.*

[13] *Id.*

[14] *See* Minute Entry for proceedings held before Judge David Barlow, ECF No. 137, filed September 4, 2020; Order Denying Motion for Review of Conditions of Release, ECF No. 141, filed September 9, 2020.

related to whether release was mandatory due to the length of delay in commencing a trial in his case.[15] An appeal was made to the Tenth Circuit Court of Appeals but later withdrawn.[16]

On September 17, 2020, the court continued the first trial to November 13, 2020, pursuant to the General Orders which excluded time pursuant to 18 U.S.C. § 3161(h)(7).[17] On October 30, 2020, the court continued the November 13, 2020, trial to February 26, 2021, again pursuant to the General Order which excluded time under 18 U.S.C. § 3161(h)(7).[18] On January 28, 2021, the District Court continued the trial for the third time, through April 1, 2021, pursuant to the General Order 21-001 which again excluded time under 18 U.S.C. § 3161(h)(7).[19]

## DISCUSSION

In his Motion for Review,[20] Mr. Patton appeals the Order of Detention[21] entered by the Magistrate Judge on February 17, 2021, which denied his Motion to Reopen the Detention Hearing.[22] Mr. Patton argues that the court should reopen the detention hearing for two reasons: an alleged loss of Speedy Trial Act protections and newly discovered video evidence.[23] Mr. Patton also asserts that his detention violates Due Process.[24]

---

[15] *Id.*

[16] Notice of Appeal, ECF No. 147, filed September 23, 2020; Mandate of USCA, ECF No. 163, filed October 8, 2020.

[17] Order to Continue, ECF No. 146, filed September 17, 2020.

[18] Order to Continue, ECF No. 166, filed October 30, 2020.

[19] Order to Continue, ECF No. 178, filed January 28, 2021.

[20] Motion for Review of Magistrate's Order of Detention, ECF No. 198, filed February 18, 2021.

[21] Order Denying Defendant's Motion to Reopen the Detention Hearing, ECF No. 197, filed February 18, 2021.

[22] Motion to Reopen the Detention Hearing, ECF No. 184, filed January 26, 2021.

[23] *See id.* at 6.

[24] *Id.* at 11-16.

I. **Newly Discovered Evidence**

Under the Bail Reform Act, a detention hearing may be reopened if the judicial officer finds that: (1) "information exists that was not known to the movants at the time of the hearing," and (2) such information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as a required and the safety of any other person in the community."[25] "In order to show that the previously unknown information has a 'material bearing' on the issue of conditions of release, that information must relate to the relevant factors[26] listed in 18 U.S.C. § 3142(g)."[27] Mr. Patton argues that the court should reopen the detention hearing because of newly discovered video evidence and because he has been detained for eight months and likely more.

First, the court will consider the newly discovered video evidence. While Mr. Patton has offered new surveillance video that was not previously available,[28] this evidence has no material bearing on the issue of whether there are conditions of release that will reasonably assure Mr. Patton's appearance or safety of the community. Mr. Patton argues that the video shows facts that diminish his danger to the community. He contends that the "patrol car was not surrounded by protestors when [Officer Lenneberg] exited,"[29] and that she was "assisted by at least 15 patrol cars in leaving the area."[30] Thus, Mr. Patton states, she "was in no immediate danger and the

---

[25] 18 U.S.C. § 3142(f)(2).

[26] 18 U.S.C. § 3142(g)(1)-(4) (listing the following factors: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release.").

[27] *United States v. Hudak*, 2003 WL 27384957, at *6 (D.N.M. 2003), aff'd, 77 F. App'x 489 (10th Cir. 2003).

[28] The United States concedes that the evidence was not previously available. *See* Opposition to Motion for Review of Detention at 3, ECF No. 195, filed February 8, 2021.

[29] Motion at 9.

[30] *Id.*

officers had the opportunity and the manpower to remove the car or at least its contents from the area."[31] Mr. Patton also argues that the video also shows that "another man violently toss[ed] the contents of the can [of accelerant] over the undercarriage and inside the patrol car" and "[t]he can from which Patton allegedly poured accelerant was practically empty by the time Patton used it."[32]

The new evidence does not have a material bearing on Mr. Patton's detention, including "the safety of any other person in the community." First, in the review of detention hearing before this court, the court did not find that Officer Lenneberg was in danger. Instead, the court found that setting anything on fire on a public road could be dangerous, that setting fire to a car was even more dangerous due to the gasoline inside it, and that setting a police car on fire was more dangerous still, because the car could contain (and apparently did contain) firearms or ammunition.[33] The court further found that the location of the burning—the middle of downtown Salt Lake City with numerous people in the vicinity—obviously made the act even more dangerous.[34] Therefore, the new evidence does not impact the factual basis for detention, both because the court did not consider Officer Lenneberg to be in danger due her car being burned and because the act of burning was dangerous with or without her presence.

Second, that another person poured accelerant on the police car before Mr. Patton does not have a material impact on the grounds for Mr. Patton's detention. At the hearing, photographic and video evidence was presented that appeared to depict Mr. Patton putting some

---

[31] *Id.* at 3-4, 8.

[32] *Id.* at 8.

[33] *See* Sept. 4 Hrg. Tr. 37, ECF No. 138.

[34] *Id.*

burning cloth all the way inside a police car and then adding accelerant.[35] At the hearing, the court did not find that Mr. Patton acted alone in helping to burn the police car. That someone else added accelerant before he added more and pushed a burning cloth into the car does not make his act less dangerous for detention purposes.

Finally, additional evidence related to "the safety of any other person in the community" is unaffected by the new video. For example, at the detention hearing, the court noted that prior to the protest, Mr. Patton sent text messages indicating a desire to turn the protest into a riot, stating, "I'm turning it into a riot." and "I'm fully going down there with the intention of breaking things."[36] These texts are highly relevant to the safety of people in the community and are unaffected by a video showing another person involved in burning the police car.

Mr. Patton also contends that the new video clip "weakens the government's case that a federal crime was committed at all."[37] According to Mr. Patton, the jurisdictional element of 18 U.S.C. § 844(i) is unlikely to be met a trial because "the Salt Lake City Police abandoned its old patrol car in the middle of the protest."[38] This undeveloped argument is unsupported by any authority and also is not supported the record itself—the in-service patrol car was driven by an officer to the protest and parked. The court finds that this does not materially affect the strength of the evidence.

Next, the court considers Mr. Patton's second argument, that the length of Mr. Patton's detention is sufficient to reopen his detention hearing. Mr. Patton argues that "[f]ailure to bring the defendant to trial within six months or more and after the defendant lost the protections of the

---

[35] *Id*.

[36] *Id.* at 39; s*ee also* Order Denying Motion for Review of Detention, ECF No. 119, filed August 20, 2020; *see also* Opposition to Motion for Review of Detention at 2-3, ECF No. 111, filed August 18, 2020.

[37] Motion at 2.

[38] *Id.* at 3.

Speedy Trial act can also warrant reopening of the detention hearing."[39] Mr. Patton does not cite any binding case law, and the court does not find the two New York cases he cites to be persuasive or apposite.[40]

Furthermore, the cases cited by Mr. Patton do not involve a pivotal fact controlling this case: the COVID-19 pandemic. The length of Mr. Patton's detention is due to the pandemic, which resulted in the tolling of the 70-day period. On March 16, 2020, the court entered General Order 20-009, suspending all grand jury activities, continuing all trial-related deadlines in criminal cases, and entering findings to exclude time under the Speedy Trial Act.[41] These orders have continued through today and apply to all pre-trial defendants in the District of Utah.[42]

For the foregoing reasons, the court concludes that there is no basis for reopening the detention hearing.[43]

The Magistrate Judge's order is affirmed.

---

[39] Motion at 6-7.

[40] The two cases cited by Mr. Patton are from a single district court in 1985. Both involved complex case designations not present in this case, do not illuminate the issues before the court, and, of course, do not bind this court or any other. *See United States v. Lofranco*, 620 F.Supp 1324, 1325 (N.D.N.Y. 1985); *United States v. Hall*, 651 F. Supp. 13 (N.D.N.Y. 1985).

[41] Order to Continue, ECF No. 146, filed September 17, 2020.

[42] *See* Order to Continue, ECF No. 166, filed October 30, 2020; *see also* Order to Continue, ECF No. 178, filed January 28, 2021.

[43] The court's analysis of the § 3142(g) factors is located at ECF No. 134 at 33-44. The factors individually and collectively are not changed by the new evidence or claims of delay. The court further notes that Mr. Patton was detained not only for the safety of the community but because of risk of non-appearance. *Id.* at 44. Neither finding is changed as a result of Mr. Patton's motion.

## II. Due Process

Mr. Patton further argues that "his continued detention violates due process."[44] Although there is no bright-line limit on the length of permissible pretrial detention,[45] the Tenth Circuit has adopted a three-factor test for analyzing whether a pretrial detention has exceeded its limit under the Due Process Clause. Under this analysis, courts look to: "(1) the length of detention; (2) the extent of the prosecution's responsibility for the delay of trial; and (3) the strength of the evidence upon which the detention is based."[46]

First, Mr. Patton has been detained for over eight months, since June 2, 2020. Mr. Patton argues that this length of detention, in combination with the fact that discovery may delay the trial even further, warrants his release.[47] Considering that the delay is caused by the pandemic and that there is strong evidence against Mr. Patton, this length of pretrial detention, though substantial, is not unwarranted. Mr. Patton is also charged with a felony punishable by imprisonment of "not less than 5 years and not more than 20 years."[48] The eight months that Mr. Patton has been detained is a fraction of the time he would be imprisoned if found guilty.

Second, the COVID-19 pandemic, not the prosecution, is the cause of the delay. On March 16, 2020, the court entered General Order 20-009, suspending all grand jury activities, continuing all trial-related deadlines in criminal cases, and entering findings to exclude time

---

[44] Motion at 12-16.

[45] *See United States v. Salerno*, 481 U.S. 739, 747 n. 4 (1987) (declining to determine the point at which detention is excessively long and hence becomes punitive, not regulatory).

[46] *United States v. Dermen*, 779 F. App'x 497, 506–07 (10th Cir. 2019).

[47] *See* ECF No. 184 at 6-7. Mr. Patton also cites two cases, *Lefranco* and *Hall*, for the proposition that this amount of time, in addition to the fact that discovery is ongoing, is too long. *See United States v. Lofranco*, 620 F.Supp 1324, 1325 (N.D.N.Y. 1985); *United States v. Hall*, 651 F.Supp. 13 (N.D.N.Y. 1985). However, neither *Lefranco* nor *Hall* include a pandemic and its resulting pause of the time, which is in effect in this case. A more recent, unpublished case from the Tenth Circuit upheld projected pretrial detention of more than thirty-six months. *United States v. Peters*, 28 F.3d 114 (10th Cir. 1994) (unpublished) (34 months, with several more months before trial).

[48] 18 U.S.C. § 844(i).

under the Speedy Trial Act.[49] These orders have continued through today and apply to every pretrial defendant in the District of Utah. This is true regardless of the United States' motions for complex case designation.[50] The United States' unsuccessful motions have had no impact of any kind on the trial date and no bearing on the length of Mr. Patton's detention; the cause for the delay of Mr. Patton's trial is the COVID-19 pandemic.

Third, the United States has provided ample evidence in the form of photos and videos that appear to show Mr. Patton participating in burning the Salt Lake City police car. The evidence appears to show him make certain that some burning cloth gets all the way inside the police car and then adding an accelerant into the fire.[51] He appears to try to make sure that the fire will take hold and grow. These items of evidence weigh heavily against Mr. Patton's release.

Considered together, these factors weigh in favor of Mr. Patton's detention. While the length of Mr. Patton's detention is unfortunate, the Speedy Trial clock has been tolled because of the COVID-19 pandemic, and the weight of the evidence against Mr. Patton is strong.

Finally, Mr. Patton argues that a Supreme Court case, *U.S. v. Salerno*[52], is "clear that pretrial detention based on the risk of danger violated due process if it is imposed without the stringent limitations of the Speedy Trial Act."[53] Because the COVID-19 pandemic has delayed his trial, "he must be released without further delay."[54] As noted earlier and throughout the

---

[49] *See* General Order 20-009, filed March 16, 2020; General Order 20-012, filed April 28, 2020 ("The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health . . . Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court.").

[50] *See, e.g.*, Motion to Exclude Time, ECF No. 41, filed July 10, 2020; Motion to Exclude Time, ECF No. 56, filed July 27, 2020; Motion to Exclude Time, ECF No. 125, August, 31, 2020; Motion to Exclude Time, ECF No. 170, filed November 20, 2020.

[51] *See* Hrg. Tr. at 36-38.

[52] 481 U.S. 739 (1987).

[53] Reply at 2.

[54] *Id.*

court's Speedy Trial Act orders, the world, the nation, and this district have seen life disrupted and, for far too many, ended as a result of COVID-19.[55] One very unfortunate result is that criminal defendants in this district have had to wait for trials. *Salerno* upheld the constitutionality of the Bail Reform Act and found that pretrial detention under it was regulatory rather than punitive.[56] The case does not address the Speedy Trial Act during a global pandemic or require that detained defendants whose trials have been delayed by a pandemic be, as Mr. Patton argues "released without further delay."

**ORDER**

IT IS HEREBY ORDERED that the Magistrate Judge's order denying Mr. Patton's Amended Motion to Reconsider Denial of Motion for Temporary Release is AFFIRMED. Mr. Patton's appeal is DISMISSED.

Signed March 15, 2021.

BY THE COURT

David Barlow
United States District Judge

[55] *See* General Order 20-009, filed March 16, 2020; General Order 20-012, filed April 28, 2020; General Order 20-017, filed June 15, 2020; General Order 20-021, filed July 29, 2020; General Order 20-026, filed August 26, 2020; General Order 20-029, filed September 30, 2020; General Order 20-030, filed October 29, 2020; General Order 21-001, filed January 22, 2021; *see also* Order to Continue, ECF No. 146, filed September 17, 2020; Order to Continue, ECF No. 166, filed October 30, 2020; Order Continuing Trial, ECF No. 186, filed January 28, 2021.

[56] *Salerno*, 481 U.S. 739, 747.