THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON STUART TAMOWSKI PATTON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [225] MOTION TO RELEASE PURSUANT TO 18 U.S.C. § 3143**<br><br>Case No. 2:20-cr-00182-DBB<br><br>District Judge David Barlow |

Defendant Jackson Stuart Tamowski Patton filed a Motion to Release Pursuant to 18 U.S.C. § 3143 (the Motion).[1] Mr. Patton argues that after pleading guilty to one count of civil disorder in violation of 18 U.S.C. § 231(a)(3), he should be released prior to sentencing because he is unlikely to flee and does not pose a danger to any other person or the community.[2]

On six separate occasions, three different judges have found by clear and convincing evidence that Mr. Patton poses a danger to other persons or the community.[3] Section 3143 provides that after a person has been found guilty and is awaiting sentencing, the court "shall order" that person to be detained unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."[4] In other

---

[1] ECF No. 225.

[2] *Id.* at 2, 5–8.

[3] June 11, 2020 (Magistrate Judge Pead), *see* ECF No. 15; June 26, 2020 (Chief Judge Shelby), *see* ECF No. 34; August 20, 2020 (Magistrate Judge Pead), *see* ECF No. 119; September 9, 2020 (Judge Barlow), *see* ECF No. 141; February 18, 2021 (Magistrate Judge Pead), *see* ECF No. 197; and March 15, 2021 (Judge Barlow), *see* ECF No. 203.

[4] 18 U.S.C. § 3143(a)(2). Additionally, if the offense is a "crime of violence," then the court also must find that exceptional circumstances justify release. *See* 18 U.S.C. § 3145(c). Because this motion may be decided without determining whether the charge to which Mr. Patton has pleaded guilty is a crime of violence, the court need not analyze that question.

words, the facts need to have changed sufficiently that the court's numerous previous findings that, by clear and convincing evidence, Mr. Patton is a danger to others, turns into a finding—again, by clear and convincing evidence—that Mr. Patton is *not* a danger to others. In short, the merits of the motion turn on what has changed since Mr. Patton's previous six detention determinations. Obviously, the changes would need to be highly consequential to permit the required finding.

The court begins by incorporating into this decision in full its previous findings and analysis in its September 9, 2020 and March 15, 2021 decisions,[5] as well as those made by the other judges in this matter.[6] Those findings will not be repeated here but, regarding Mr. Patton's actions involving the protest, the evidence of record suggests that before Mr. Patton went to the protest, he texted others stating "I'm fully going down there with the intention of breaking things" and "I'm turning it into a riot."[7] At the protest, video and photographic evidence shows Mr. Patton pushing a burning cloth into the interior of a police car and then pouring some apparent accelerant into the police car.[8] The police car ultimately was completely consumed in a large fire, and audio evidence suggests that ammunition in the car ignited as the car burned.[9] All of this occurred while numerous bystanders watched nearby.[10] Mr. Patton originally was charged with burning the police car, but the government reduced the charges to civil disorder. As noted earlier, Mr. Patton has pleaded guilty to the civil disorder charge.

---

[5] ECF Nos. 141 & 203.

[6] *See* ECF Nos. 15, 34, 119, & 197.

[7] *See* Sept. 4 Hrg. Tr. 37, ECF No. 138; *see also* Order Affirming Magistrate Judge's Order, ECF No. 203 at 6.

[8] *See* Order Affirming Magistrate Judge's Order, ECF No. 203 at 6.

[9] *See* Sept. 4 Hrg. Tr. 37, ECF No. 138; *see also* Order Affirming Magistrate Judge's Order, ECF No. 203 at 5.

[10] *Id.*

In his motion, Mr. Patton makes various arguments about why he should be released under the factors provided in 18 U.S.C. § 3142(g): (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

First, regarding the "nature and circumstances of the offense charged," Mr. Patton notes that he no longer faces a "five year minimum sentence with an even higher maximum."[11] This is relevant. However, the decrease in the potential sentence does not mitigate the other evidence in the record regarding the circumstances of the offense and Mr. Patton's actions. Mr. Patton's conduct risked serious injury to individuals in the large crowd nearby, as well as causing extensive damage to public property. He argues that the crime of civil disorder is "indistinguishable from the conduct of other protestors who overturned and vandalized the abandoned police car," but this is unhelpful and unpersuasive. What other protestors or defendants may have done is not relevant to whether Mr. Patton poses a danger to others or the community. And arguing that overturning the police car was no different than helping burn it ignores the danger the fire posed. The record shows that Mr. Patton participated in burning the police car, increasing the danger to the surrounding crowd. Burning any car in the presence of others would create considerable danger, but even more danger is present when the vehicle is a police car which might reasonably contain firearms, ammunition, or other dangerous devices. This factor continues to weigh in favor of detention.

---

[11] ECF No. 225 at 6.

Second, as to the weight of the evidence against Mr. Patton, he has acknowledged the evidence "remains significant," and he has pleaded guilty. The record contains numerous photos and videos showing Mr. Patton's actions. This factor continues to weigh in favor of detention.

As to the third factor, Mr. Patton has pointed to two changes since his last motion. First, Mr. Patton notes that he has since closed all his pending cases, including the 2017 DUI case and second, that he has accepted responsibility by pleading guilty.[12] These are relevant and positive developments. However, this does not change the previous findings regarding Mr. Patton's history and actions relevant to his dangerousness to others and the community. For example, Mr. Patton's text messages suggest that he intended not to protest peacefully, but to cause damage and turn the protest into a riot. While it is commendable that Mr. Patton has now taken action to resolve his pending cases, his record still suggests a disregard for the safety of others (and their property) and multiple instances of neglecting responsibility and disregarding the law. As the record indicates, Mr. Patton was on probation at the time of the incident, had a DUI charge, and failed to appear in some earlier court proceedings.  This factor continues to weigh in favor of detention.

As to the fourth factor, Mr. Patton relies on the actions of his codefendants and those charged by the state of Utah to suggest that he does not pose any danger.[13] Yet the actions or inactions of others are not helpful to determining whether Mr. Patton poses a danger to any person or the community. As discussed above, Mr. Patton's actions disregarding the safety and property of others and his text messages showing his intent to break things and start a riot show

---

[12] *Id.* at 7.

[13] *Id.*

not only Mr. Patton's willingness to engage in unlawful activity, but also a willingness to engage in activities that endanger others. This factor continues to weigh in favor of detention.[14]

The law provides that after a person has been found guilty and is awaiting sentencing, the court "shall order" that person to be detained unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."[15] Mr. Patton has been found to be a danger to others by three different judges on numerous occasions. The court has not been presented with new evidence or facts sufficient to now find the opposite. Therefore, IT IS HEREBY ORDERED that Defendant's Motion to Release Pursuant to 18 U.S.C. § 3143[16] is DENIED.

Signed June 8, 2021.

BY THE COURT

_____

David Barlow
United States District Judge

---

[14] Mr. Patton also argues there are "exceptional reasons" to support his release pending sentencing. Specifically, Mr. Patton argues that civil disorder prosecutions are unusual, that other individuals charged by other government entities have remained free, and that Mr. Patton's record is less serious than theirs. This argument might be relevant if the court had found that the offense in question was a crime of violence and if the court had found by clear and convincing evidence that Mr. Patton was not a danger to others. Because neither of those conditions are met, the argument is not relevant. However, the court again notes that its detention review involves an individual analysis regarding Mr. Patton's dangerousness, not the actions of others. Similarly, Mr. Patton's father's willingness to act as a custodian for his son does not overcome the weight of the other factors detailed above.

[15] 18 U.S.C. § 3143(a)(2).

[16] ECF No. 225.